Law Offices of Sara L. Bloom
1120 Huffman Rd. Ste 24-785
Anchorage, AK 99515
(907) 519-3613
f(907) 345-8570
sara@907lawyer.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| TONI PRINS and ALEXANDER PRINS, II., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STATE OF ALASKA, Dept. of Health ) <br> & Social Services, Division of Juvenile Justice, ) <br> Kenai Peninsula Youth Facility, ) <br> ) <br> Defendant. ) <br> ) | Case No. |

**COMPLAINT**

Plaintiff, Toni Prins ("Ms. Prins") and Alexander Prins, II ("Mr. Prins")(collectively "Plaintiffs"), by and through undersigned counsel, files their Complaint against the State of Alaska, Department of Health & Social Services, Division of Juvenile Justice, Kenai Peninsula Youth Facility ("the State" or "her Employer" or "Defendant") and states as follows:

*Prins, et al. v. State of Alaska*  1
Complaint for Damages
Case No.
Case 3:19-cv-00296-JWS   Document 1   Filed 11/13/19   Page 1 of 13

# I. JURISDICTION AND PARTIES

1. This is an employment action for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq., as amended by the Civil Rights Act of 1991, ("Title VII")(sex harassment and retaliation) failure to take corrective action causing permanent injury) and (constructive discharge); and pendent state claims, including a violation of the Alaska Human Rights Act AS § 18.80.220; Intentional Infliction of Emotional Distress, Breach of Good Faith and Fair Dealing; and Loss of Consortium.

2. Ms. Prins had endured a severe and pervasive hostile work environment of a sexual nature, suffered retaliation for reporting, and assault and battery as a result of the failure of her employer to take corrective action, which has caused her severe and permanent injury, intentional infliction of emotional distress; loss of wages and benefits, and loss of consortium.

3. Mr. Prins is Ms. Prins's husband, and they were married during the entire period as it relates to the facts of this complaint, and both Plaintiffs have a claim for loss of consortium.

4. Ms. Prins's claims arise out of Ms. Prins's employment relationship with Defendant State of Alaska, and Defendant is liable for the acts of its employees under the doctrine of *Respondeat Superior*.

5. Defendant is a governmental entity who employed Ms. Prins.

*Prins, et al. v. State of Alaska*  2
Complaint for Damages
Case No.
Case 3:19-cv-00296-JWS   Document 1   Filed 11/13/19   Page 2 of 13

6. The Alaska State Commission for Human Rights ("ASCHR")(co-filed with the Equal Employment Opportunity Commission ("EEOC") per a work-sharing agreement) found substantial evidence of discrimination; and Ms. Prins learned on the EEOC database that a right to sue letter was issued by EEOC on or about August 16, 2019, and has filed her suit within ninety (90) days of this date.

7. The events out of which this controversy arose occurred in Kenai, Alaska.

8. This Court has original jurisdiction over this matter pursuant to 42 U.S.C. §2000e-5(f)(3); and has supplemental jurisdiction over the state law claims pursuant to 28 USC § 1367.

## II. VENUE

9. The claims asserted in this action arose in this district, and the alleged discrimination and damages arose in this district. Venue of this action is proper pursuant to 28 U.S.C. § 1391.

## III. FACTS

10. On or about February 2012, Ms. Prins worked for the Defendant as a Juvenile Justice Officer II in Kenai, Alaska.

11. Ms. Prins was supervised by a Juvenile Justice Officer III serving as a lead staff member, and lead staff members are responsible for staffing, performance evaluations, and maintaining supervisory files, and are widely viewed and referred to as "supervisors" by Defendant's employees.

*Prins, et al. v. State of Alaska*  
Complaint for Damages  
Case No.

3

Case 3:19-cv-00296-JWS   Document 1   Filed 11/13/19   Page 3 of 13

12. In April 2016, the Juvenile Justice Officer III serving as her lead staff member, began engaging in offensive conduct and comments of a sexual nature toward Ms. Prins, including unwanted touching, suggestive gestures, and requests for sexual favors. Evidence showed that the comments were unwelcome to Ms. Prins and altered the conditions of her work environment.

13. Ms. Prins confronted her lead staff member and requested that he stop the sexual harassment.

14. In May 2016, Ms. Prins reported to Defendant's Juvenile Justice Unit Supervisor that her direct supervisor was subjecting her to unwelcome and offensive comments and conduct of a sexual nature. i.e., sexually harassing her.

15. The harassment continued after her complaint of discrimination.

16. On September 22, 2016, Ms. Prins participated in a training of hold and control tactics for restraining youth called "Handle with Care." Although the trainers had intended for the men and women to be separated in the training, Ms. Prins's lead staff member was assigned to Ms. Prins's group.

17. During the training, the lead staff member physically engaged Ms. Prins outside the scope of the "Handle with Care" technique, and that Ms. Prins received medical care due to the incident.

18. Ms. Prins's shoulder, to which she had sustained a prior injury earlier, was severely reinjured in the incident.

19. Ms. Prins's shoulder injury is severe, debilitating, and permanent.

*Prins, et al. v. State of Alaska*  4
Complaint for Damages
Case No.

Case 3:19-cv-00296-JWS   Document 1   Filed 11/13/19   Page 4 of 13

20. Investigation also produced evidence that the incident was in retaliation for her opposition to sexual harassment perpetuated by her supervisor.

21. Investigation showed that Ms. Prins returned to work in December 2016 following medical leave due to her injury.

22. Investigation showed that Ms. Prins informed the Juvenile Justice Unit Supervisor that she was extremely uncomfortable working with the lead staff member. She requested he assign her to a different lead staff member and alter her schedule to work a less desirable shift so that she could avoid contact with him.

23. Investigation showed that Ms. Prins's shift was altered to the less desirable shift, but she was not transferred immediately to a different lead staff member.

24. Ms. Prins's lead staff member drafted a negative performance evaluation in December of 2016, and that Defendant's Juvenile Justice Unit Supervisor prepared a new evaluation, which included negative feedback reflecting that Ms. Prins had difficulty managing her emotions and accepting supervision.

25. A performance evaluation given four months later by a different lead staff member gave her a "high acceptable rating" and contained positive feedback about Ms. Prins's ability to accept supervision.

26. Investigation produced evidence that the negative feedback in Ms. Prins's December 2016 performance evaluation was in retaliation for Ms. Prins's sexual harassment complaints.

*Prins, et al. v. State of Alaska*  5
Complaint for Damages
Case No.

Case 3:19-cv-00296-JWS   Document 1   Filed 11/13/19   Page 5 of 13

27. On or about April 30, 2019, ASCHR issued a determination finding that Ms. Prins's allegations that Defendant discriminated against Ms. Prins based on her sex and retaliated against her for complaining of sexual harassment are supported by substantial evidence and that the discrimination caused Ms. Prins physical injury of a debilitating nature.

28. Mr. Prins also suffered injuries and damages as a result of his wife's discrimination, retaliation, and injuries caused as a result of sexual harassment, retaliation, and Defendant's failure to take corrective action.

## IV. FEDERAL CAUSES OF ACTION

### A. COUNT I -VIOLATION UNDER TITLE VII- SEX DISCRIMINATION-HOSTILE WORK ENVIRONMENT

29. Ms. Prins incorporates by reference the foregoing paragraphs 1-28.

30. Ms. Prins's direct supervisor subjected Ms. Prins to unwelcome sexual advances, requests for sexual favors, and other unwelcome verbal and physical conduct of a sexual nature;

31. Ms. Prins's treatment was so severe and/or pervasive that it created a working environment that a reasonable person in Ms. Prins's position would have viewed as offensive and abusive.

32. This severe and/or pervasive treatment by her supervisor negatively impacted her work, caused her injury, and caused her to not be able to return to her employment.

33. As a result of the violation of Title VII, Ms. Prins suffered damages

*Prins, et al. v. State of Alaska*  6
Complaint for Damages
Case No.

Case 3:19-cv-00296-JWS   Document 1   Filed 11/13/19   Page 6 of 13

and is entitled to equitable and injunctive relief, including "rightful place" and "make whole" remedies and equitable monetary relief, economic damages, back pay, front pay, lost wages and benefits, to remedy and compensate for the effects of defendant's unlawful actions.

34. As a result of the Defendant's intentional violation of the Title VII, Ms. Prins also has suffered non-economic damages such as anguish, humiliation, distress inconvenience, physical injury, pain and suffering, and loss of enjoyment of life.

35. Ms. Prins, secured by Title VII, also requests that the Court award her attorney's fees and costs.

**B. COUNT II- VIOLATION UNDER TITLE VII- SEX DISCRIMINATION -FAILING TO TAKE CORRECTIVE ACTION/FAILING TO PROPERLY SUPERVISE CAUSING INJURIES INCLUDING PHYSICAL INJURY**

36. Ms. Prins incorporates by reference the foregoing paragraphs 1-35.

37. Defendant's discrimination against Ms. Prins is in violation of the rights secured to Ms. Prins by Title VII.

38. By the conduct described above, Defendant intentionally violated the rights of Ms. Prins under Title VII.

39. Defendant's failure to take corrective action or properly supervisor Ms. Prins's supervisor, i.e., the harassing official, caused Ms. Prins severe and debilitating injuries of a permanent nature.

*Prins, et al. v. State of Alaska*  7
Complaint for Damages
Case No.

Case 3:19-cv-00296-JWS   Document 1   Filed 11/13/19   Page 7 of 13

40. As a result of the violation of Title VII, Ms. Prins suffered damages and is entitled to equitable and injunctive relief, including "rightful place" and "make whole" remedies and equitable monetary relief, economic damages, back pay, front pay, lost wages and benefits, to remedy and compensate for the effects of defendant's unlawful actions.

41. As a result of the Defendant's intentional violation of the Title VII, Ms. Prins also has suffered non-economic damages such as anguish, humiliation, distress inconvenience, physical injury, pain and suffering, and loss of enjoyment of life.

42. Ms. Prins, secured by Title VII, also requests that the Court award her attorney's fees and costs.

**C. COUNT III- VIOLATION UNDER TITLE VII- CONSTRUCTIVE DISCHARGE**

43. Ms. Prins incorporates by reference the foregoing paragraphs 1-42.

44. As a result of the hostile work environment/sexual discrimination, failure to take correctiveaction, and retaliation, in violation of Title VII, Ms. Prins is unable to continue her employment with the Defendant.

45. As a result of the violation of Title VII, Ms. Prins suffered damages and is entitled to equitable and injunctive relief, including "rightful place" and "make whole" remedies and equitable monetary relief, economic damages, back pay, front pay, lost wages and benefits, to remedy and compensate for the effects of defendant's unlawful actions.

*Prins, et al. v. State of Alaska* 8
Complaint for Damages
Case No.
Case 3:19-cv-00296-JWS   Document 1   Filed 11/13/19   Page 8 of 13

46. As a result of the Defendant's intentional violation of the Title VII, Ms. Prins also has suffered non-economic damages such as anguish, humiliation, distress inconvenience, physical injury, and loss of enjoyment of life.

47. Ms. Prins, secured by Title VII, also requests that the Court award her attorney's fees and costs.

**D.     COUNT IV- VIOLATION UNDER TITLE VII- RETALIATION**

48. Ms. Prins incorporates by reference the foregoing paragraphs 1-47.

49. Ms. Prins engaged in a protected activity by reporting sex discrimination.

50. Ms. Prins suffered an adverse employment action.

51. A causal link exists between the protected activity and Defendant's action.

52. As a result of this retaliation, Ms. Prins suffered damages.

**STATE CLAIMS**

**E.     COUNT V-AGAINST STATE OF ALASKA-DISCRIMINATION IN VIOLATION OF 18.80.220(A)(1) -SEXUAL HARASSMENT - HOSTILE WORK ENVIRONMENT**

53. Ms. Prins incorporates by reference the foregoing paragraphs 1-52.

54. Ms. Prins was sexually harassed by her supervisor.

55. Such treatment by her supervisor was severe and pervasive and negatively impacted her work conditions and her ability to work.

56. Ms. Prins suffered economic and non-economic damages as a result of this treatment.

*Prins, et al. v. State of Alaska*  9
Complaint for Damages
Case No.
Case 3:19-cv-00296-JWS   Document 1   Filed 11/13/19   Page 9 of 13

**F. COUNT VI- AGAINST STATE OF ALASKA- DISCRIMINATION IN VIOLATION OF 18.80.220(A)(1) -SEXUAL DISCRIMINATION- FAILURE TO TAKE CORRECTIVE ACTION CAUSING INJURY**

57. Ms. Prins incorporates by reference the foregoing paragraphs 1-56.

58. Defendant was aware of the hostile work environment and failed to take corrective action.

59. Ms. Prins suffered damages as a result of Defendant's failure.

**G. COUNT VII- AGAINST STATE OF ALASKA- DISCRIMINATION IN VIOLATION OF 18.80.220(A)(1) -SEXUAL HARASSMENT – CONSTRUCTIVE DISCHARGE**

60. Ms. Prins incorporates by reference the foregoing paragraphs 1-59.

61. As a result of the sexual harassment and the failure of the Defendant to take corrective action, Ms. Prins is unable to continue employment with the Defendant.

62. Ms. Prins suffered damages as a result of this treatment.

**H. COUNT VIII- AGAINST STATE OF ALASKA- DISCRIMINATION IN VIOLATION OF 18.80.220(A)(4) -RETALIATION**

63. Ms. Prins incorporates by reference the foregoing paragraphs 1-62.

64. Ms. Prins engaged in a protected activity by reporting sex discrimination.

65. As a result of reporting, Ms. Prins suffered an adverse employment action.

66. Ms. Prins suffered damages as a result of the retaliation.

*Prins, et al. v. State of Alaska*
Complaint for Damages
Case No.

10

Case 3:19-cv-00296-JWS   Document 1   Filed 11/13/19   Page 10 of 13

## I. COUNT IX- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

67. Ms. Prins incorporates by reference the foregoing paragraphs 1-66.

68. Defendant acted intentionally or recklessly.

69. Defendant's conduct was extreme and outrageous.

70. Defendant's conduct caused Ms. Prins to suffer severe emotional distress.

## J. COUNT X- BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.

71. Ms. Prins incorporates by reference the foregoing paragraphs 1-70.

72. Ms. Prins's employment with the State includes the implied covenant of good faith and fair dealing, which is embodied in every employment relationship entered into in Alaska and imposes a duty on her Employer to treat its employees in a fair, equitable, nonbiased, and nondiscriminatory manner.

73. Defendant State of Alaska breached its duty when it subjected Ms. Prins to a hostile work environment in violation of AS 18.80.220 and/or retaliated against her for reporting discrimination and/or failing to take corrective action causing her physical injury.

74. Defendant State of Alaska also breached its duty as it failed to properly supervise, monitor, properly train or admonish Ms. Prins's supervisor for their discriminatory behavior and actions.

75. As a result of Defendant State of Alaska's breaches, Defendant and its employees caused Ms. Prins damages, including physical injury, lost wages, back and front pay, and pain and suffering and other economic and noneconomic injuries.

### K. COUNT XI- LOSS OF SPOUSAL CONSORTIUM (Both Plaintiffs).

76. Plaintiffs incorporate by reference the foregoing paragraphs 1-75.

77. At the time of the discrimination and retaliation complained of in the Plaintiffs' Complaint, the Plaintiffs were married and continue to be married.

78. That as a result of the wrongful acts of the Defendant, the Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

79. That all the injuries and damages were caused solely and proximately by the acts of the Defendant and its employees.

### DAMAGES

WHEREFORE, the Plaintiffs have suffered back pay, front pay, lost wages, benefits such as medical and life insurance, retirement, promotions, and future employment benefits, physical injuries including Complex Regional Pain Syndrome (CRPS), emotional damages including PTSD, loss of consortium, pain and suffering, and other economic and non-economic damages, and attorney fees

*Prins, et al. v. State of Alaska*  12
Complaint for Damages
Case No.
Case 3:19-cv-00296-JWS   Document 1   Filed 11/13/19   Page 12 of 13

and costs, and for these loses requests an ad damnum in the amount of nineteen million dollars ($19,000,000.00).

Respectfully submitted,

Dated November 13, 2019:

*/s Sara L. Bloom*
Sara L. Bloom
Alaska Bar No. 1509071
Attorney for Plaintiffs

.

*Prins, et al. v. State of Alaska*
Complaint for Damages
Case No.

13

Case 3:19-cv-00296-JWS   Document 1   Filed 11/13/19   Page 13 of 13