KEVIN G. CLARKSON
ATTORNEY GENERAL

Siobhan McIntyre (Alaska Bar No. 1206050)
Assistant Attorney General
State of Alaska
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Telephone: (907) 269-6612
Facsimile: (907) 258-4978
Email: siobhan.mcintyre@alaska.gov

*Attorney for Defendant State of Alaska, Department of Health & Social Services*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| TONI PRINS and ALEXANDER PRINS, II, ) ) Plaintiffs, ) ) v. ) ) STATE OF ALASKA, Dept. of Health & ) Social Services, Division of Juvenile Justice, ) Kenai Peninsula Youth Facility, ) ) Defendants. ) | Case No. 3:19-cv-00296-JWS **ANSWER** |

The Defendant, State of Alaska, Department of Health and Social Services (DHSS), by and through the Office of the Attorney General answer the complaint as follows:

**I. JURISDICTION AND PARTIES**

1. Defendant admits Ms. Prins complains in this suit of alleged acts concerning sex based harassment and retaliation, wrongful discharge, intentional infliction of emotional distress, breach of good faith and fair dealing, and loss of

consortium, but denies that Ms. Prins has any valid claim against Defendant in this suit and denies she is entitled to any relief she seeks.

2. Defendant denies the allegations in Paragraph 2.

3. Defendant admits Ms. Prins and Plaintiff Alexander Prins II complain in this suit of loss of consortium, but denies that plaintiffs are entitled to any relief they seek. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 3 and therefore denies them.

4. The allegations in Paragraph 4 state a legal conclusion and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 4.

5. Defendant admits the allegations in Paragraph 5. Defendant, State of Alaska, Department of Health and Social Services has employed Ms. Prins as a Juvenile Justice Officer from February 2012 to present.

6. Defendant admits the Alaska State Commission for Human Rights (ASCHR) issued a Determination on May 30, 2019. The Determination speaks for itself. Defendant admits the Equal Employment Opportunity Commission (EEOC) issued a right to sue notice, and that Ms. Prins has filed suit within ninety days of this date.

7. Defendant admits the allegations in Paragraph 7.

8. The allegations in Paragraph 8 state a legal conclusion and therefore no response is required.

## II. VENUE

9. Defendant admits the allegations in Paragraph 9.

## III. FACTS

10. Defendant admits Ms. Prins was hired by DHSS as a Juvenile Justice Officer I at the Kenai Peninsula Youth Facility in Kenai, Alaska on or about February 2012 and was promoted to a Juvenile Justice Officer II on September 1, 2012.

11. Defendant admits Ms. Prins worked with employees hired as Juvenile Justice Officers III and that this position has been referred to as "lead staff" at the Kenai Peninsula Youth Facility. The remaining allegations in this paragraph are denied.

12. Defendant admits that, on or about May 2016, Ms. Prins reported to the Juvenile Justice Unit Supervisor that a Juvenile Justice Officer III was subjecting her to unwelcomed conduct of a sexual nature. The remaining allegations in this paragraph are denied.

13. Defendant admits Ms. Prins reported to the Juvenile Justice Unit Supervisor that she had confronted the Juvenile Justice Officer III who she reported as subjecting her to unwelcomed conduct of a sexual nature. Defendant lacks sufficient information to admit or deny the remaining allegations in Paragraph 13 and therefore denies them.

14. Defendant admits that, on or about May 2016, Ms. Prins reported to the Juvenile Justice Unit Supervisor that a Juvenile Justice Officer III was subjecting her to unwelcomed conduct of a sexual nature. The remaining allegations in this paragraph are denied.

15. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 13 and therefore denies them.

16. Defendant admits that, on September 22, 2016, Ms. Prins and other Kenai Peninsula Youth Facility employees participated in a restraint training, referred to as "Handle with Care." Defendant admits Ms. Prins' lead staff member was assigned to her group for this training. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies them.

17. Defendant admits Ms. Prins received medical care based on her September 22, 2016 injury. The remaining allegations in this paragraph are denied.

18. Defendant admits Ms. Prins reported injuring her right shoulder on September 22, 2016 and that Ms. Prins previously reported injuring her right shoulder in May 2015. Defendant lacks sufficient information to admit or deny the remaining allegations in this paragraph and therefore denies them.

19. Defendant lacks sufficient information to admit or deny allegations in Paragraph 19 and therefore denies them.

20. Defendant admits ASCHR conducted an investigation into Ms. Prins' complaint filed with that office and dated February 28, 2017; ASCHR subsequently issued its Determination in that matter on May 30, 2019.[1] The Determination speaks for itself. The remaining allegations in this paragraph are denied.

21. Defendant admits ASCHR conducted an investigation into Ms. Prins'

---

[1] Ms. Prins' Complaint does not define "Investigation," as referenced in paragraphs 20-23 and 26. For purposes of responding to paragraphs 20-23 and 26, Defendant responds to statements regarding this "Investigation" as reference to the May 30, 2019 ASCHR Determination.

complaint, dated February 28, 2017, and issued its Determination on May 30, 2019. The Determination speaks for itself. Defendant admits Ms. Prins returned to work from medical leave related to her May 2015 injury on or about December 2016.

22. Defendant admits ASCHR conducted an investigation into Ms. Prins' complaint, dated February 28, 2017, and issued its Determination on May 30, 2019. The Determination speaks for itself. Defendant admits Ms. Prins made a request to the Juvenile Justice Unit Supervisor to switch lead staff member and shift assignments in November 2016. Defendant lacks knowledge sufficient to admit or deny the remaining allegations in Paragraph 20 and therefore denies them.

23. Defendant admits ASCHR conducted an investigation into Ms. Prins' complaint, dated February 28, 2017, and issued its Determination on May 30, 2019. The Determination speaks for itself. Defendant admits Ms. Prins' lead staff member and shift assignments were altered based on her November 2016 requests. The remaining allegations in this paragraph are denied.

24. Defendant admits the Juvenile Justice Unit Supervisor drafted a performance evaluation for Ms. Prins on or about December 2016 or January 2017. The draft performance evaluation speaks for itself. The remaining allegations in this paragraph are denied.

25. Defendant admits Ms. Prins received a performance evaluation completed in February 2017. The performance evaluation speaks for itself. The remaining allegations in this paragraph are denied.

26. Defendant admits ASCHR conducted an investigation into Ms. Prins' complaint, dated February 28, 2017, and issued its Determination on May 30, 2019. The Determination speaks for itself. The remaining allegations in this paragraph are denied.

27. Defendant admits ASCHR conducted an investigation into Ms. Prins' complaint, dated February 28, 2017, and issued its Determination on May 30, 2019. The Determination speaks for itself.

28. Defendant lacks sufficient knowledge to admit or deny the allegations in Paragraph 28 and therefore denies them.

## IV. FEDERAL CAUSES OF ACTION

### A. COUNT I – VIOLATION UNDER TITLE VII – SEX DISCRIMINATION-HOSTILE WORK ENVIRONMENT

29. This is a preliminary statement which requires no response.

30. Defendant admits that, on or about May 2016, Ms. Prins reported to the Juvenile Justice Unit Supervisor that a Juvenile Justice Officer III was subjecting her to unwelcomed conduct of a sexual nature. Except as expressly admitted, Defendant denies the remaining allegations in Paragraph 30.

31. Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant denies that Ms. Prins is entitled to any of the prayed-for relief.

**B.    COUNT II – VIOLATION UNDER TITLE VII – SEX DISCRIMINATION – FAILING TO TAKE CORRECTIVE ACTION/FAILING TO PROPERLY SUPERVISE CAUSING INJURIES INCLUDING PHYSICAL INJURY.**

36.    This is a preliminary statement which requires no response.

37.    Defendant denies the allegations in Paragraph 37.

38.    Defendant denies the allegations in Paragraph 38.

39.    Defendant denies the allegations in Paragraph 39.

40.    Defendant denies the allegations in Paragraph 40.

41.    Defendant denies the allegations in Paragraph 41.

42.    Defendant denies that Ms. Prins is entitled to any of the prayed-for relief.

**C.    COUNT III – VIOLATION UNDER TITLE VII – CONSTRUCTIVE DISCHARGE**

43.    This is a preliminary statement which requires no response.

44.    Defendant denies the allegations in Paragraph 44.

45.    Defendant denies the allegations in Paragraph 45.

46.    Defendant denies the allegations in Paragraph 46.

47.    Defendant denies that Ms. Prins is entitled to any of the prayed-for relief.

**D.    COUNT IV – VIOLATION UNDER TITLE VII – RETALIATION**

48.    This is a preliminary statement which requires no response.

49.    Paragraph 49 states a legal conclusion and therefore no response is

required.

50.    Defendant denies the allegations in Paragraph 50.

51.    Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

E. **COUNT V – AGAINST STATE OF ALASKA – DISCRIMINATION IN VIOLATION OF 18.80.220(A)(1) – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT**

53. This is a preliminary statement which requires no response.

54. Paragraph 54 states a legal conclusion and therefore no response is required.

55. Paragraph 55 states a legal conclusion and therefore no response is required.

56. Defendant denies the allegations in Paragraph 56.

F. **COUNT VI – AGAINST STATE OF ALASKA – DISCRIMINATION IN VIOLATION OF 18.80.220(A)(1) – SEXUAL DISCRIMINATION – FAILURE TO TAKE CORRECTIVE ACTION CAUSING INJURY**

57. This is a preliminary statement which requires no response.

58. Defendant denies the allegations in Paragraph 58.

59. Defendant denies the allegations in Paragraph 59.

G. **COUNT VII – AGAINST STATE OF ALASKA – DISCRIMINATION IN VIOLATION OF 18.80.220(A)(1) – SEXUAL HARASSMENT – CONSTRUCTIVE DISCHARGE**

60. This is a preliminary statement which requires no response.

61. Defendant denies the allegations in Paragraph 61.

62. Defendant denies the allegations in Paragraph 62.

H. **COUNT VIII – AGAINST STATE OF ALASKA – DISCRIMINATION IN VIOLATION OF 18.80.220(A)(4) – RETALIATION**

63. This is a preliminary statement which requires no response.

64. Paragraph 64 states a legal conclusion and therefore no response is required.

65. Defendant denies the allegations in Paragraph 65.

66. Defendant denies the allegations in Paragraph 66.

**I.     COUNT IX – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

67. This is a preliminary statement which requires no response.

68. Defendant denies the allegations in Paragraph 68.

69. Defendant denies the allegations in Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

**J.     COUNT X – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

71. This is a preliminary statement which requires no response.

72. Paragraph 72 states a legal conclusion and therefore no response is required.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

**K.     COUNT XI – LOSS OF SPOUSAL CONSORTIUM (Both Plaintiffs).**

76. This is a preliminary statement which requires no response.

77. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 77 and therefore denies them.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant denies the allegations in Paragraph 79.

## RESPONSE TO DAMAGES AND PRAYER FOR RELIEF

Ms. Prins and Plaintiff Alexander Prins II are not entitled to any of the prayed-for damages or relief.

## AFFIRMATIVE AND OTHER DEFENSES

In defense of Plaintiffs' claims, Defendant asserts the following:

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Plaintiffs' claims may be barred due to failure to exhaust administrative or contractual remedies.

3. Plaintiffs' claims may be barred due to failure to comply with the statutory requirements as conditions precedent to the filing of civil actions.

4. Plaintiffs' claims may be barred as untimely or by the applicable statutes of limitations.

5. Plaintiffs' claims may be barred by the doctrines of waiver, estoppel, and accord and satisfaction.

6. Plaintiffs' claims may be barred by failure to mitigate damages.

7. Plaintiffs' claims may be barred, in whole or in part, by failure to plead claims with particularity or specificity.

8. Plaintiffs' claims may be barred, in whole or in part, because of AS 09.50.250, sovereign immunity, qualified immunity, official immunity or discretionary immunity.

9. Any claims for damages directly stemming from the Alaska Constitution or the United States Constitution against the state are barred, because the state cannot be liable for such a cause of action.

10. Defendant reserves the right to add defenses that may be discovered by additional investigation, discovery, or research.

Therefore, Defendant respectfully requests that the Court dismiss Plaintiffs' complaint with prejudice, enter judgment in its favor, award its costs and attorney's fees, and order such other relief as may be appropriate.

DATED December 16, 2019.

KEVIN G. CLARKSON
ATTORNEY GENERAL

By: /s/Siobhan McIntyre
Siobhan McIntyre
Assistant Attorney General
Alaska Bar No. 1206050
State of Alaska
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-6612
Facsimile: (907) 258-4978
Email: siobhan.mcintyre@alaska.gov
Attorney for Defendants State of Alaska,
Department of Health & Social Services

**Certificate of Service**
I certify that on December 16, 2019 the foregoing **ANSWER** was served electronically via the court's CM/ECF system on:

Sara L. Bloom
Law Office of Sara L. Bloom
sara@907lawyer.com

Angela Hobbs
Angela Hobbs, Law Office Assistant II